## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

RAHIM SALAAM,

       Plaintiff,

                                    Case No. 1:07-cv-181
v.                                        Hon. Robert J. Jonker

ANGELA LAMPHERE,

       Defendant.

_____/

### REPORT AND RECOMMENDATION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. This matter is before the court on defendant's motion for summary judgment (docket no. 14).

### I.      BACKGROUND

Plaintiff, a prisoner housed at Bellamy Creek Correctional Facility (IBC), sets forth the following allegations. On April 11, 2006, he went off-site for oral surgery involving the extraction of his right lower wisdom tooth. Rahim Salaam Aff. at ¶ 2 (docket no. 1-2). After returning from surgery, plaintiff was examined by the prison's dentist, Dr. Kirkby, and dental assistant, defendant Angela Lamphere. *Id.* at ¶ 3. At that time, defendant gave him twenty 200mg ibuprofen pills and advised him not to eat hot or crunchy food or chew on the side of the extraction. *Id.* at ¶ 4. By April 13th, plaintiff was in pain and had only two pills left. *Id.* at ¶ 5. He was unable to eat the IBC chow hall food because: the food was too hard and crunchy; the food was too hot; and the meal periods were too short. *Id.* That same day, plaintiff informed Correctional Officer P. Maynard that he was in pain and needed more medication and a "food tray detail" because it was impossible for him to eat during the 10 minutes allotted in the chow hall. *Id.* at ¶ 6. Plaintiff states

that "[w]hen Correctional Officer Maynard called Lamphere, she denied me both meds and food tray detail on her own judgment," and that Maynard told plaintiff "that Lamphere advised me to write a dental medical request kite for dental [sic]." *Id.* at ¶¶ 7-8.

Plaintiff states that he "wrote a dental medical request form" and received a response from the health care department on April 14, 2006, "stating that they received my request for more meds and a food tray detail and gave it to the dental office of IBC that same morning." *Id.* at ¶ 9. Plaintiff did not receive his medication until April 18th, when Dr. Kirkby pulled out his remaining stitches. *Id.* at ¶ 10.[1] Plaintiff alleges that defendant's actions violated his Eighth Amendment rights and seeks $250,000.00 for his five days of suffering. Compl. at p. 5.

## II.   Standard of review

Defendant has moved for summary judgment pursuant to Fed. Rules Civ. Proc. 56(b). Summary judgment is appropriate under Rule 56(b) "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the standard for deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support

---

[1] Plaintiff's complaint includes two documents, each entitled "Affidavit of Information." *See* exh. I attached to Compl. Plaintiff attributes these "affidavits" to Officer Maynard and "C. Hull, Resident Unit Manager." *Id.* Neither of these self-serving "affidavits" are signed or notarized, with the affiant's names simply typed on a signature line. *Id.* Nothing in the records indicate that Maynard or Hull executed these "affidavits," which appear to be an attempt by plaintiff to mislead the court.

> plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d  at 478-79 (citations omitted).  "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party."  *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).  However, the court is not bound to blindly adopt a non-moving party's version of the facts.  "When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."  *Scott v. Harris*, -- U.S. --, 127 S. Ct. 1774, 1776 (2007).

### III.    Plaintiff's Eighth Amendment claim

Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws.   *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984);  *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996).  To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

It is well established that an inmate has a cause of action under 42 U.S.C. § l983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (l976).   A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).  The objective component requires the infliction of serious pain.  *See Hudson v. McMillian*, 503 U.S. 1, 8-9 (1992).  The subjective

component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, deliberate indifference, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

### A.   Plaintiff has failed to show a serious medical need

Plaintiff does not claim that he was deprived of any medical treatment, but rather that defendant failed to provide him with a re-fill of ibuprofen and a "food tray detail" from April 13th through April 17th. Plaintiff admits that he received additional medication and medical treatment on April 18th. The court views plaintiff's claim as involving a delay in receiving additional post-surgical pain medication and a mealtime accommodation for five days. "[A]n inmate who complains that delay in medical treatment rose to a constitutional violation must place verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment to succeed." *Napier v. Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001), *quoting Hill v. Dekalb Regional Youth Detention Center*, 20 F.3d 1176, 1188 (11th Cir. 1994). "This approach seems practical and logical and will often afford the court with the best available evidence on the question of whether the alleged deprivation is sufficiently serious, and whether the inmate is incarcerated under conditions posing a substantial risk of serious harm." *Napier*, 238 F.3d at 742 (internal quotations omitted).

4

Plaintiff's dental records reflect that on April 13th, defendant received a telephone call from Officer Maynard, stating that plaintiff handed Maynard an empty Ibuprofen package of ten and asked if he could have more.  *See* Summary Report, Attachment 5 to Lamphere Aff.[2] Defendant asked to speak to plaintiff, but he had left for the yard.  *Id.*  Defendant advised Officer Maynard to have plaintiff  "send a Health Care Request to dental."  *Id.*  There is no record that plaintiff sent a kite to the dental office on that date.  *Id.*

Plaintiff has provided the court with a copy of a response to a "medical" kite, which was received on April 13th, and included the following complaint: "Request for more ibuprofen. Not enough time to eat."  *See* Medical Kite attached to plaintiff's Response as exh. H.  James R. Leland, R.N., reviewed this kite.  *Id.*  Nurse Leland's response was initiated on Friday, April 14th, and provided as follows: "I will refer your concerns & kite to Dental."  *Id.*  Both plaintiff and Nurse Leland identified the "urgency" of this complaint as "routine." *Id.*  There is no record that the dental office received plaintiff's kite or Nurse Leland's response.  *See* Attachment 5.

Dental records reflect plaintiff's complaint of a toothache and the receipt of a kite on Monday, April 17th.  *See* Summary Report, Attachment 1 to Lamphere Aff.  It is unclear from the record whether this is plaintiff's April 13th kite to the medical office, a subsequent kite from Nurse Leland, or a new kite.  *Id.*  Defendant scheduled plaintiff for an appointment the next day, at which time Dr. Kirkby removed his sutures and prescribed twenty additional ibuprofen.  *Id.* Approximately five months later, the oral surgeon performed a follow-up examination, stating that

---

[2] Defendant originally filed portions of plaintiff's dental records under seal, as identified by her affidavit.  *See* docket no. 22.  Because plaintiff's claim involves the adequacy of his medical treatment, the court will refer to portions of these sealed records as needed to resolve this motion.

plaintiff had adequate healing of the extraction site.  *See* Letter (Sept. 7, 2006) attached to plaintiff's brief as exh. E.[3]

        This medical evidence does not indicate that plaintiff suffered a detrimental effect from his alleged five-day delay in treatment which was sufficient to result in the deprivation of a serious medical need.  *See Napier*, 238 F.3d at 742.  It is undisputed that plaintiff required off-site oral surgery to extract a tooth and that he was prescribed twenty ibuprofen pills on April 11th. Plaintiff admits that he still had two pills on April 13th when he spoke with Officer Maynard. Plaintiff did not speak to defendant or send a kite to the dental office requesting ibuprofen at that time, but requested ibuprofen in a routine request directed to the medical office.   In summary, plaintiff did not request any treatment from the dental office from April 11th through April 16th. The absence of any requests for treatment is contrary to plaintiff's claim that he was suffering from a serious medical condition that resulted in pain and rendered him unable to eat.[4]

      **B.**   **Plaintiff has failed to show deliberate indifference**

        Even if plaintiff had a "serious medical need," he has not shown that defendant acted with deliberate indifference.  Assuming defendant knew that plaintiff was low on ibuprofen pills on April 13th, plaintiff has not demonstrated that defendant knew of and disregarded an excessive risk to his health or safety. *Farmer*, 511 U.S. at 837.

        First, plaintiff's claim relies on hearsay statements from Officer Maynard that defendant "denied me both meds and food tray detail on her own judgment," and that Maynard told

---

[3] The oral surgeon also noted that plaintiff may have suffered from surgery-related paresthesia, a condition unrelated to plaintiff's present claim regarding the alleged failure to dispense ibuprofen.

[4] In this regard, the court notes that while plaintiff did not seek medical attention until April 17th, he had time to prepare two grievances, one dated either April 15th or April 17th, and the other dated April 17th, which complained of the April 13th incident.  *See* grievances attached as exh. I to plaintiff's response.

plaintiff "that Lamphere advised me to write a dental medical request kite for dental [sic]." Rahim Salaam Aff. at ¶¶ 7-8. These hearsay statements cannot be used to establish that defendant knew of plaintiff's condition and denied his requests for medical treatment. *See Jacklyn v. Schering-Plough Healthcare Products Sales Corp.*, 176 F.3d 921, 927 (6th Cir. 1999) ("[h]earsay evidence may not be considered on summary judgment").

Second, defendant could not give plaintiff ibuprofen upon demand. Defendant was a dental aide and did not have authority to prescribe or dispense medications "unless specifically ordered by the dentist." Lamphere Aff. at ¶ 5.

Third, when plaintiff contacted the dental office on April 17th, defendant promptly scheduled a dental appointment the next day. Accordingly, plaintiff has not shown deliberate indifference as that term is understood in an Eighth Amendment claim, and defendant is entitled to summary judgment on this claim.

## III.   RECOMMENDATION

I respectfully recommend that defendant's motion for summary judgment (docket no. 14) be **GRANTED**.

Dated:  February 11, 2008                              /s/ Hugh W. Brenneman, Jr.
                                                       HUGH W. BRENNEMAN, JR.
                                                       United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within ten (10) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).