UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

RAHIM SALAAM,

       Plaintiff,                              Case No. 1:07-CV-181

v.                                             Hon. Robert J. Jonker

ANGELA LAMPHERE,

       Defendant.
_____/

## ORDER AND JUDGMENT
## APPROVING REPORT AND RECOMMENDATION

The Court has reviewed the Magistrate Judge's Report and Recommendation (docket # 26) filed on February 11, 2008. Plaintiff filed his Objection to the Report and Recommendation (docket # 27) on February 25, 2008.

Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b)(3). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to Magistrate Judge Brenneman; the Report and Recommendation itself; and Plaintiff's objections. After its review, the Court finds Magistrate Judge Brenneman's Report and Recommendation to be both factually sound and legally correct.

The Report and Recommendation recommends that Defendant's motion for summary judgment (docket # 14) be granted. Plaintiff makes six objections to the Report and Recommendation. Plaintiff's six objections distill down to two arguments.[1] The first five of Plaintiff's objections all center on the issue of whether Defendant was deliberately indifferent to a serious medical need. Essentially, Plaintiff restates the allegations in his complaint and argues that he should survive summary judgment because Defendant was

---

[1] Plaintiff's first objection states that he suffered excessive pain and was in jeopardy of nerve damage due to the delay in receiving treatment. This objection is an argument in support of the objective component of Plaintiff's deliberate indifference claim. Plaintiff's second objection states that he mailed a medical kite on April 13 and that it was forwarded to dental on April 14. This objection is an argument in support of the subjective component of Plaintiff's deliberate indifference claim. Plaintiff's third objection states that he requested treatment on April 13. This is another argument in support of the subjective element of Plaintiff's deliberate indifference claim. Plaintiff's fourth objection states that because Defendant knew of Plaintiff's need for treatment, and because she delayed in scheduling that treatment, she was deliberately indifferent to his serious medical need. This objection ties up Plaintiff's argument regarding the subjective element of his deliberate indifference claim. Plaintiff's fifth objection clarifies that his claim turns on Defendant's delay in scheduling treatment, not on her failure to dispense medication or provide a food accommodation. Finally, Plaintiff's sixth objection states that he is seeking $750,000 rather than $250,000 "for his five days of suffering."

deliberately indifferent to a serious medical need when she, knowing that Plaintiff was in pain, delayed scheduling Plaintiff to see the dentist. Plaintiff's remaining objection simply notes that he is praying for $750,000, not $250,000 as indicated in the Report and Recommendation. The Court need address only the first argument. Defendant's Motion and the Court's decision on that Motion are the same whether Plaintiff is praying for $750,000 or $250,000.

Plaintiff's first argument, that Defendant was deliberately indifferent to his medical needs, is fully and properly addressed in the Report and Recommendation. To summarize, Plaintiff's wholly unsupported allegations of pain and a risk of nerve damage are not enough to allow a jury to find that he had an objectively serious medical need. To survive summary judgment, Plaintiff needs to place "verifying medical evidence in the record to establish the detrimental effect of the delay in medical treatment." *Napier v. Madison County*, 238 F.3d 739, 742 (6th Cir. 2001) (citing *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1188 (11th Cir. 1994)). He has failed to do so. There is no medical evidence in the record on which a juror could rely to find a detrimental effect resulting from the alleged delay in treatment.

Even if a juror could find that Plaintiff had a serious medical need, the five-day delay in this case would not be sufficient to allow a reasonable juror to find the "obduracy and wantonness" necessary to establish the subjective element of a deliberate indifference claim. *See Whitley v. Albers*, 475 U.S. 312, 319 (1986) ("To be cruel and unusual punishment,

conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock."). Given the paucity of evidence regarding the severity of Plaintiff's medical need, the five-day delay in this case does not establish more than an ordinary lack of due care. It would be a different case if, for example, Defendant failed to act for fifteen months despite knowing that Plaintiff was in pain, was continually bleeding, had swollen gums, and was suffering weight loss and malnutrition. *See Farrow v. West*, 320 F.3d 1235, 1244–47 (11th Cir. 2003) ("[T]he evidence shows pain, continual bleeding and swollen gums, two remaining teeth slicing into gums, weight loss, and such continuing medical problems, establishing a serious medical need. . . . [And defendant's fifteen-month failure to respond to that serious medical need was a] substantial and inordinate delay in treatment [that] rais[ed] a jury question as to . . . deliberate indifference."). But that is not this case. There is not even any evidence in this case that would support the argument that Plaintiff's condition was "so grave that some *considerable* delay in dental treatment would have authorized a finding of deliberate indifference." *Id.* at 1247 (emphasis added). On the record in this case, a juror could not find that Defendant's five-day delay in scheduling a dentist appointment for Plaintiff was "repugnant to the conscience of mankind." *Estelle v. Gamble*,

4

429 U.S. 97, 106 (1976).  There is not a sufficient basis in the evidence for a jury to return a verdict for Plaintiff on his deliberate indifference claim.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge, filed February 11, 2008, is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (docket # 14) is GRANTED.


Dated:   March 12, 2008             /s/ Robert J. Jonker
                                    ROBERT J. JONKER
                                    UNITED STATES DISTRICT JUDGE